**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| J. Randall Blankenship, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:05-3611-CWH |
| ) | |
| vs. ) | |
| ) | |
| Michael W. Wynne, Secretary, U.S.A.F; and ) | |
| Maj. Derek Howard, U.S.A.F. ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

This dispute arises out of an agreement by J. Randall Blankenship ("Blankenship") to construct and install cabinets in Major Derek Howard's ("Howard") home. Blankenship's quote for the entire job was $10,600.00. On December 12, 2005, Major Derek Howard ("Howard") brought an action in the Charleston County Magistrate Court against Blankenship for claim and delivery and breach of contract. See Howard v. Blankenship, 2005-76-0258. On December 30, 2005, Blankenship, proceeding pro se, filed an answer and counterclaim in this Court. Blankenship directed the Clerk of this Court to file the answer and counterclaim as a notice of removal.

In the answer, Blankenship joined the "Secretary of the U.S. Air Force, Michael W. Wynne ("Wynne")" and raised seven counterclaims: (1) two causes of action for breach of contract, (2) three causes of action for filing a fraudulent affidavit and complaint in County Magistrate Court, (3) breach of the peace, and (4) damage to Blankenship's personal property. Blankenship seeks $75,000.00 in damages.

On January 6, 2006, prior to a scheduled hearing in the state court action, Blankenship submitted the notice of removal filed in this action to Charleston County Magistrate Judge Patricia Dixon. Because Blankenship filed the notice of removal and alleged damages above the

County Magistrate Court's jurisdictional limit, Magistrate Judge Dixon transferred the action to the Charleston County Court of Common Pleas. The Clerk for the Court of Common Pleas then dismissed the state court action through an order titled "Notice Of Removal to District Court."

On January 10, 2006, Federal Magistrate Judge Robert S. Carr recommended dismissal of this action for the lack of subject matter jurisdiction and pursuant to the Rooker-Feldman doctrine. On January 23, 2006, Blankenship filed the following objections: (1) this action is related to Howard's state court action because Howard and Wynne fraudulently filed the state court action against Blankenship; (2) diversity jurisdiction exists; (3) Howard attempted to influence the County Magistrate Court by appearing in his Air Force uniform and was acting in his capacity as an employee of the U.S. Air Force; (4) Howard injured Blankenship while acting in his official capacity as an officer of the U.S. Air Force; (5) Wynne is not a citizen of South Carolina and diversity jurisdiction exists; (6) Blankenship did not seek review of the state court action in the district court.

For the following reasons, the Court does not adopt Magistrate Judge Carr's recommendation to dismiss the action for the lack of subject matter jurisdiction. Rather, the Court holds that the action should be remanded to the Charleston County Court of Common Pleas.

Blankenship contends that his counterclaims against Howard and Wynne allow him to remove the action to this Court. Blankenship's pro se pleading is afforded liberal construction. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Blankenship's counterclaims can be liberally construed to allege claims arising under federal law. The question presented before this Court is whether a defendant can remove an action based on counterclaims which

raise federal questions.[1]

I.  28 U.S.C. § 1441

28 U.S.C. § 1441 provides authority to remove state court actions to federal court.  "To be removable to federal court under 28 U.S.C. § 1441, a state action must be within the original jurisdiction of the district court, and its jurisdiction must be ascertainable from the face of the complaint."  Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1275 (4th Cir. 1985).  Original jurisdiction consists either of diversity jurisdiction or federal question jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).

A.  Diversity jurisdiction.

Howard and Blankenship are both citizens of South Carolina.  Diversity jurisdiction does not exist in this action.  See 28 U.S.C. § 1332.

B.  Federal question jurisdiction.

The presence or absence of federal question jurisdiction is governed by the "well pleaded complaint" rule.  Caterpillar, Inc., 482 U.S. at 392.  This rule provides that federal jurisdiction exists only when a federal question is present on the face of a properly pleaded complaint.  Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831 (2002).

Howard sued Blankenship under the state law claims of breach of contract and claim and delivery for $7,565.00 in damages.  No federal questions arise on the face of Howard's complaint.

---

[1] Blankenship names Wynne as a defendant to his counterclaims but provides no basis for the joinder of Wynne to this action.  Consequently, the Court holds that Wynne was improperly joined and dismisses him from the action.  See Fed. R. Civ. P. 21.

Moreover, Blankenship's counterclaims do not allow removal of the action. In Caterpillar, Inc., several employees sued their employer in state court and raised only state law claims. The employer filed an answer alleging that federal law preempted the state law claims and removed the action to federal court. The Supreme Court held that the action could not be removed to federal court reasoning that a plaintiff is the master of his claim and may avoid federal jurisdiction by relying exclusively on state law. Caterpillar, Inc., 482 U.S. at 399. In a subsequent decision, the Supreme Court applied this principle to a defendant's counterclaims arising under federal law and held that the counterclaims cannot serve as a basis for federal question jurisdiction. See Holmes Group, Inc., 535 U.S. at 831-32.

This action presents a similar situation. Howard chose to pursue his state law claims in state court. Blankenship is not permitted to select the forum in which Howard litigates his state claims by injecting federal questions into the action. Caterpillar, Inc., 482 U.S. at 399. As a result, Blankenship's counterclaims arising under federal law do not serve as a basis for federal question jurisdiction in this action. See Holmes Group, Inc., 535 U.S. at 832.

Neither diversity jurisdiction nor federal question jurisdiction exist in this action. Removal to this Court is not authorized under 28 U.S.C. § 1441. Accordingly, the Court remands this action to the Charleston County Court of Common Pleas.

**AND IT IS SO ORDERED**.

_____
May 3, 2006                                         **C. WESTON HOUCK**
Charleston, South Carolina                **UNITED STATES DISTRICT JUDGE**