**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| J. Randall Blankenship, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-3611-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael W. Wynne, Secretary, U.S.A.F and | ) | |
| Maj. Derek Howard, U.S.A.F., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On December 12, 2005, Major Derek Howard ("Howard") brought an action in the

Charleston County Magistrate Court against J. Randall Blankenship ("Blankenship") for claim

and delivery and breach of contract. See Howard v. Blankenship, 2005-76-0258 and 2006-10-

130. On December 30, 2005, Blankenship, acting *pro se*, submitted a document to the Clerk of

this Court labeled "answer and counter-claim." Because Blankenship labeled the pleading as an

"answer and counter-claim," the Clerk filed the document as a notice of removal.

Blankenship submitted the "answer and counter-claim" filed in this action to Charleston

County Magistrate Judge Patricia Dixon. Because Blankenship had filed a case in district court

and alleged damages above the County Magistrate Court's jurisdictional limit, Magistrate Judge

Dixon transferred the action to the Charleston County Court of Common Pleas. The Clerk for

the Court of Common Pleas then dismissed the state court action through an order titled "Notice

Of Removal to District Court."

On May 3, 2006, the Court issued an order remanding the action to state court. The

Court held that Blankenship's counterclaims against Howard and the US Air Force could not

serve as a basis for federal question jurisdiction. *See* Holmes Group, Inc. v. Vornado Air

Circulation Systems, Inc., 535 U.S. 826, 831-832 (2002).  On May 16, 2006, Blankenship filed a motion to reconsider alleging that the Court improperly characterized his "answer and counter-claim" as a notice of removal and that the presence of the United States as a defendant provides the Court with subject matter jurisdiction.  Blankenship also filed a motion to stay the Court's order remanding the case to state court.

Blankenship labeled his pleading, which commenced the action in this Court, as an "answer and counter-claim."  Because Blankenship filed an answer to a state court complaint in this Court, the Clerk properly filed the pleading as a notice of removal.  Blankenship's argument that the Court improperly characterized his pleading as a notice of removal is without merit.

If Blankenship wishes to sue Howard and the US Air Force in federal court, he must attempt to do so in a separate action.  Blankenship may not defeat Howard's choice to bring a state court claim in state court by raising a federal counterclaim.  Holmes Group, Inc., 535 U.S. at 832.  Accordingly, Blankenship's motion to reconsider and for a stay are denied.


**AND IT IS SO ORDERED**.

_____

July 24, 2006                                    **C. WESTON HOUCK**
Charleston, South Carolina             **UNITED STATES DISTRICT JUDGE**